DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss, filed August 17, 2009.
 I. STATEMENT OF FACTS
Plaintiffs appealed the real market value of their manufactured home identified as Account M91597 for tax year 2008-09.
Defendant requested an opportunity to inspect the interior of Plaintiffs' property. Defendant's request was discussed at a case management conference held April 20, 2009. After discussion between the parties subsequent to the case management conference, Plaintiffs denied Defendant's request to allow its representatives to inspect the interior of their property.
Defendant filed a Motion to Dismiss July 7, 2009, citing Plaintiffs' failure to allow an "on-site inspection." Plaintiffs filed Response to Defendants (sic) Motion to Dismiss and Motion for Production and Review of Documents on July 13, 2009. Defendant's Reply to Response to Motion to Dismiss was filed July 29, 2009. On July 30, 2009, the court ordered Plaintiffs to allow Defendant to inspect the interior of their property. In its Order, the court stated that failure to "allow Defendant's request for an `on-site inspection' no later than August 17, 2009," may result in Plaintiffs' appeal being dismissed. *Page 2 
On August 4, 2009, Plaintiffs filed a Motion for Clarification and Motion for Modification of Order. In its Order filed August 4, 2009, the court stated that "on-site inspection" includes interior access.
On August 11, 2009, Defendant's representative sent a certified letter to Plaintiff (Rolf Helber) requesting that he "immediately contact [him] with three possible alternative dates and times that you could be available for an on-site inspection." (Def's Motion to Dismiss at 6.)
On August 13, 2009, Plaintiff wrote to the court stating that he "disagreed with the content of the Order" and concluding that "Poddar v.Dept. of Rev. is not wholly applicable to my case" and "that the on-site or interior inspection does not apply to my mobile home (personal property)." (Ptfs' Ltr at 1, Aug 13, 2009.)
On Saturday, August 15, 2009, Plaintiff sent an email to Defendant's representative stating:
 "I will allow you as the risk management officer for Douglas County, in lieu of indemnification, and Jan Layton (Senior Appraiser) for the Glide area to do an on-site inspection of my property between the hours of 9:00 until 11:00 am on August 17, 2009. Please be advised that I have guard dogs on site. Please let me know within the next couple of hours whether you are going to make the visit."
(Def's Ltr at 2, Aug 17, 2009.)
In its letter to the court dated August 17, 2009, Defendant's representative wrote that he and Jan Layton called Plaintiff on Monday, August 17, 2009, "to make arrangements for her to visit Mr. Helber's property. However, Mr. Helber indicated that even though he would now allow Ms. Layton to look at the outside of his home, that he still would not allow her to see the *Page 3 
inside." (Id . at 1.) Defendant's letter continued:
 "Because Mr. Helber is still unwilling to allow an interior inspection, even though the court ordered it on August 4, and because an exterior inspection would not provide the Assessor's office with the information that they reasonably need to respond to Mr. Helber's appeal, I told Mr. Helber that Ms. Layton would not be coming."
(Id.)
The above-entitled matter is set for trial on September 9, 2009.
 II. CONCLUSION
Plaintiffs have failed to comply with the court's Orders. Plaintiffs were advised that their failure to allow Defendant to inspect the interior of their property could result in dismissal of their appeal. After carefully considering the facts related to Defendant's request for an interior inspection of Plaintiffs' property which is the subject of their appeal and Plaintiffs' failure to comply with the court's Orders, the court grants Defendant's Motion to Dismiss. The trial scheduled for September 9, 2009, is canceled. Now, therefore,
IT IS THE DECISION OF THIS COURT that Defendant's Motion to Dismiss is granted; and
IT IS FURTHER DECIDED that the trial scheduled for September 9, 2009, is canceled.
Dated this ___ day of August 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Presiding Magistrate Jill A. Tanner onAugust 20, 2009. The Court filed and entered this document on August 20,2009. *Page 1